_____FILED _____ENTERED
_____LODGED _____RECEIVED

APR 1 1 2012

AT B'C.....
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *
                             *
                             *
       v.                       *        Criminal No. JFM-10-0441
                             *
GLENN THOMPSON          *
                          ******

## MEMORANDUM

On September 30, 2011, I held a motions hearing, at the conclusion of which I (1) denied a motion to suppress evidence filed by defendant as to items seized from the premises of 2005 Westwood Avenue, and (2) asked the parties to submit post-hearing briefs concerning (a) items seized from the person of defendant on the same day that the premises at 2005 Westwood were searched, and (b) a statement given by defendant to police officers. The post-hearing briefs have now been filed. I will grant defendant's motion that seeks to suppress items seized from his person but deny the motion concerning the statement he made to police officers.

I.

The material facts are undisputed.

Task Force Officer Gary Smith submitted an affidavit in support of a search warrant in which he listed the premises at 2005 Westwood Avenue and the person of defendant as "Premises and/or Person to be Searched." The application for the warrant also stated that the affiant had reason to believe that items listed in an attached exhibit A were being concealed at the 2005 Westwood Avenue premises, on defendant, and in a Dodge Caravan with a specified license number. The warrant signed by the Maryland District Judge, however, itself authorized the search only of the premises known as 2005 Westwood Avenue.

1

On November 11, 2009 Officer Smith "arrested" defendant based on the October 20, 2009 search warrant.[1]  Subsequent to his arrest, defendant was searched and drugs were seized from his person.  Thereafter, Officer Smith and other members of his team executed the search warrant on the 2005 Westwood premises.  They recovered additional drugs and a firearm.  The Dodge Caravan was not searched on November 11, 2009, because it was not on the scene.  Later in the evening of November 11, 2009, defendant provided a statement after having been advised of his *Miranda* rights.

## II.

I am suppressing the items seized from defendant on November 11, 2009 for the simple reason that the warrant that was issued did not authorize the arrest or search of defendant.  While the Government acknowledges that the warrant did not name defendant as a person or premises to be searched, it contends that this fact is immaterial because under Fourth Circuit law it is sufficient if the supporting affidavit is attached to the warrant and is left at the searched premises.  *See United States v. Hurwitz*, 459 F.3d 463, 470 (4th Cir. 2006).  Aside from the fact that it does not seem to be material that the warrant and affidavit were left by the officers at 2005 Westwood Avenue, *Hurwitz* is distinguishable because there is a vital distinction between allowing items to be seized at a place authorized to be searched by the warrant if those items (though not listed in the warrant) are described in the accompanying affidavit, on the one hand, and reading a warrant to authorize the search of the premises or a person not mentioned in the warrant itself.  There simply is no way of ascertaining whether the judge issuing the warrant would have authorized the search of a person or premises not named in the warrant simply

---

[1] Defendant had previously been arrested on September 30, 2011, after he had engaged in a drug transaction.  It was this arrest that provided the information contained in the affidavit submitted in support of the later search warrant. Defendant was not, however, arrested by Officer Smith on November 11, 2009 because of the illegal conduct that occurred on September 30.  Indeed, he could not have been arrested for what he did on September 30, since he had already been arrested in connection with that conduct and had been released.

because that person or premises are mentioned in the affidavit in support of the warrant. *Cf.*
*Groh v. Ramirez*, 540 U.S. 551, 560 (2004). Indeed, in the present case, there is substantial
doubt that the judge would have authorized the search of defendant solely on the basis that the
defendant had been involved in a drug transaction some days earlier.

 *United States v. Gregg*, 211 WL 2414232 (ED Va. 2011), is on point. There, the affidavit
in support of a search warrant described the objects to be searched as the defendants "entire
residence" and "all persons therein." The warrant signed by the magistrate judge however, "did
not authorize the search of 'all persons therein,' . . . and lacked any reference, direct or indirect,
to the persons inside [the residence]." *Id.* at *1, *3. When police officers arrived at the
residence to execute the warrant, the defendant walked out of the back door. He was ordered to
the ground and his person was searched, revealing several bags of cocaine. The district court
held that the warrant did not provide a basis to search the defendant because the warrant did not
authorize the search of the defendant.[2]

 The Government argues that even if the warrant did not authorize the search of
defendant, the doctrine of "inevitable discovery" applies because it was inevitable that after the
search of the 2005 Westwood Avenue premises, defendant would have been arrested and
searched. The obvious fallacy in this argument is that although drug dealers, particularly those
involved in street transactions, sometimes do things that may not seem particularly intelligent,
there is no basis for finding that defendant would have stood around, with drugs on his person,
waiting to be arrested and searched while premises in which he lived were being searched.

III.

---

[2] The court in *Gregg* also ruled that the good faith exception to the warrant requirement did not apply. To the extent
that the Government here relies upon the good faith exception, its contention is rejected for the reasons stated in
*Gregg*.

The statement given by defendant to police officers later in the day on November 11, 2009, should not be suppressed, however. It was inevitable that defendant would eventually be arrested, and he was fully advised of his *Miranda* rights before he gave his statement. Thus, there simply is no basis for inferring that he would not have given his statement but for the unauthorized search of his person that occurred on November 11, 2009.

A separate order is being entered herewith.

Date: 4/10/12

J. Frederick Motz
United States District Judge